■ In the Matter of GEORGE E. BERNHARD, Petitioner, v BOARD OF WATER SUPPLY OF THE CITY OF UTICA, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Petitioner, with 20 years of service, was dismissed by respondent board of water supply from his position as Water Maintenance Supervisor after a hearing and a finding of misconduct of the stated charges, pursuant to section 75 of the Civil Service Law. There is substantial evidence in the record to support the finding of guilt of the charges dealing with unauthorized use of his assigned vehicle, with refusal to obey orders concerning vacation and compensatory time and concerning sick leave, with repeated failure to report for work and with negligence in operating his assigned vehicle and in reporting improperly the consequent accidents. We do not find substantial evidence to support the finding of guilt of the final charge, that of "grossly endangering the life and property of persons as well as yourself" and of causing "great possible liability to the Board of Water Supply" in "failing to notify his superior * * * of the suspension [for 10 days] of his driver's license". However, the finding of guilt of the other charges more than supports the determination of the board. Nor do we find the penalty of dismissal to be disproportionate to the proven offenses or to be shocking to one's sense of fairness. Mindful of the decision in *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, (34 NY2d 222), we do not disturb the determination of dismissal, a disciplinary sanction imposed internally by the board of water supply. (Review of determination dismissing petitioner from position, transferred by order of Oneida Supreme Court.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.